IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,**<br><br>　　　　　　Plaintiff,<br><br>**v.**<br><br>**ROKU INC.,**<br><br>　　　　　　Defendant. | Case No.  6:21-cv-0680<br><br>Patent Case<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Roku Inc. alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff **Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld")** is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

3. Defendant **Roku Inc. ("Roku")** is a Delaware corporation with a principal place of business located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

5. Roku is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Roku because Roku has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Roku because Roku has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

6. Upon information and belief, Roku has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

7. Roku maintains a permanent physical presence within the Western District of Texas, conducting business from at least its location 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

8. Upon information and belief, Roku has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## FLEXIWORLD AND THE PATENTS-IN-SUIT

10. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

11. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (*e.g.,* Bluetooth, Wi-Fi) and mobile device markets.

12. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless television, wireless printers, and wireless audio devices, etc.

13. Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

14. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Roku.

15. Flexiworld develops wireless applications and embedded solutions for the short-range wireless and mobile device market.

16. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

17. Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder. Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

18. This cause of action asserts infringement of United States Patent Nos. 9,042,811 ("the '811 Patent"), 9,836,259 ("the '259 Patent"), 9,965,233 ("the '233 Patent"), 10,140,073 ("the '073 Patent"), 10,768,871 ("the '871 Patent") and 11,029,903 ("the '903 Patent") (collectively, the "Patents-in-Suit").

**The '811 Patent**

19. The '811 Patent, entitled "Specification of Smart Wireless Television for Rendering Digital Content," duly and legally issued on May 26, 2015, from U.S. Patent Application No. 12/764,032, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '811 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

20. The '811 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

21. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '811 Patent.

22. An assignment of the '811 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 029112/0430.

23. Flexiworld has standing to sue for infringement of the '811 Patent.

**The '259 Patent**

24. The '259 Patent, entitled "Televisions, Output Controllers, or Speakers That Are Setup to Wirelessly Connect to a Network and to Receive Digital Content from a Digital Content Service Over the Network," duly and legally issued on December 5, 2017, from U.S. Patent Application No. 15/359,147, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '259 Patent is attached hereto as **Exhibit 2** and is incorporated by reference.

25. The '259 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

26.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '259 Patent.

27.     An assignment of the '259 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at 042385/0202.

28.     Flexiworld has standing to sue for infringement of the '259 Patent.

**The '233 Patent**

29.     The '233 Patent, entitled "Digital Content Services or Stores Over the Internet That Transmit or Stream Protected or Encrypted Digital Content to Connected Devices and Applications That Access the Digital Content Services or Stores," duly and legally issued on May 8, 2018, from U.S. Patent Application No. 09/992,413, filed on November 18, 2001, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '233 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

30.     The '233 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

31.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '233 Patent.

32.     An assignment of the '233 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 012325/0362.

33.     Flexiworld has standing to sue for infringement of the '233 Patent.

**The '073 Patent**

34.     The '073 Patent, entitled "Wireless Devices That Establish a Wireless Connection With a Mobile Information Apparatus by Wirelessly Detecting Within Physical Proximity, the Mobile Information Apparatus," duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/627,197, filed on June 19, 2017, naming William Ho Chang and Christina

Ying Liu as the inventors. A true and correct copy of the '073 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

35. The '073 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

36. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '073 Patent.

37. An assignment of the '073 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 043035/0229.

38. Flexiworld has standing to sue for infringement of the '073 Patent.

**The '871 Patent**

39. The '871 Patent, entitled "Wireless Output Devices or Wireless Controllers for Establishing Wireless Connectivity and for Receiving Digital Content" duly and legally issued on September 8, 2020, from U.S. Patent Application No. 16/051,371, filed on July 31, 2018, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '871 Patent is attached hereto as **Exhibit 5** and is incorporated by reference.

40. The '871 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

41. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '871 Patent.

42. An assignment of the '871 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 046519/0535.

43. Flexiworld has standing to sue for infringement of the '871 Patent.

**The '903 Patent**

44. The '903 Patent, entitled "Output Systems, such as Television Controllers, Televisions, Display Devices, or Audio Output Devices, Operable for Playing Digital Content

Wirelessly Received Either From a Digital Content Service Over the Internet or Wirelessly Received From a Client Device That Is In the Same Network As the Output System" duly and legally issued on June 8, 2021, from U.S. Patent Application No. 16/696,989, filed on November 26, 2019 naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '903 Patent is attached hereto as **Exhibit 6** and is incorporated by reference.

45. The '903 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

46. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '903 Patent.

47. An assignment of the '903 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 045907/0890.

48. Flexiworld has standing to sue for infringement of the '903 Patent.

49. On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

50. Roku has not obtained a license to any of the Patents-in-Suit.

51. Roku does not have Flexiworld's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

52. Roku needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of Flexiworld's patent rights.

### GENERAL ALLEGATIONS

53. Roku makes, uses, sells, offers to sell, and/or imports into the United States products, and/or engages in practices, as claimed in the Patents-in-Suit.

54. Roku makes, uses, sells, offers to sell, and/or imports into the United States products that infringe, and/or engages in practices that infringe, at least one claim of one or more

of the Patents-in-Suit, including but not limited to its Express, Express+, Premiere, Premiere+, Streaming Stick, Streaming Stick+, Ultra, Ultra LT, Streambar, Streambar Pro, and Roku TV products (hereinafter, collectively, **"Roku Devices"**) and/or Roku's streaming services.

55. Roku has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States its Roku Devices.

56. Roku's customers have directly infringed and continue to directly infringe the Patents-in-Suit by using the Roku Devices purchased from Roku. Through its product manuals and/or sales and marketing activities, Roku solicits, instructs, encourages, and aids and abets its customers to purchase and use the Roku Devices in an infringing way.

57. Roku makes, uses, sells, offers to sell, and/or imports into the United States a computer readable medium, with at least part of a software program recorded therein, including but not limited to computer readable recording mediums with one or more versions of Roku's TV operating system (hereinafter **"Roku TV OS"**). On information and belief, Roku licenses and supplies Roku TV OS to customers for use in televisions, which Roku's customers make, use, sell, offer for sale, and/or import into the United States. Such televisions include televisions made, used, sold, offered for sale, and/or imported into the United States by Roku customers under the TCL, Hisense, Philips, Sanyo, Element, JVC, RCA, Hitachi, Magnavox, Westinghouse, Onn, and InFocus brand names, and include but are not limited to the TCL 32S3750; TCL 40FS3750; TCL 32S325; TCL 32S327; TCL 32S321; TCL 40S327; TCL 43S327; TCL 32S335; TCL 55C807; TCL 50S425; TCL 55S425; TCL 65S425; TCL 75R615; TCL 43S525; TCL 65S525; TCL

75S425; TCL 75Q825; TCL 55S535; TCL 55R635; TCL 65S535; TCL 75S535; TCL 75R635; TCL 43S433; TCL 50S435; TCL 55S433; TCL 65S433; TCL 85S435; TCL 85R745; Hisense 32H4F; Hisense 40H4030F1; Hisense 43H4; Hisense 32H4F5; Hisense 40H4; Hisense 55R8F5; Hisense 65R68F5; Hisense 55R6G; Hisense 55R6090G5; Philips 32PFL4664/F7; Philips 32PFL4664/F7; Philips 32PFL4764F7; Philips 55PFL4864/F7; Philips 55PFL4864/F7; Sanyo FW32R19F; Sanyo FW55R70F; Sanyo FW65R70F; Element E2AA40R-G; Element E2AA40R-T; Element E4AA43R-G; Element E1AA32R-G; JVC LT-70MAW795; Element E1AA24R; JVC 50MAW595; JVC LT-40MAW305; JVC LT-55MAW595; JVC LT-40MAR305; JVC LT-58MAR595; JVC 58MAW595; JVC LT-43MAW595; JVC LT-32MAW205; JVC LT-49MAW598; JVC LT-70MAW795; JVC LT-65MAW595; JVC LT-32MAW388; RCA RTR4060-W; RCA RTRU5027-W; RCA RTRU5527-W; RCA RTR3260-W; RCA RTRU6527-US; RCA RTR4360-W; RCA RTRQ6522-US; RCA RTRQ5522-US; Hitachi 43R51; Hitachi 40RC53; Hitachi 32RC23; Hitachi 32R21; Magnavox 65MV379R/F7; Magnavox 55MV379R/F7; Magnavox 50MV349/F7; Magnavox 43MV349R/F7; Magnavox 32MV319R/F7; 24" HD onn. Roku TV; 32" HD onn. Roku TV; 65" 4K UHD onn. Roku TV (100012587); 70" 4K UHD onn. Roku TV (100012588); 65" 4K UHD TCL Roku TV (65S435); 75" 4K UHD TCL Roku TV (75S435); RCA RTR4360-W; Westinghouse WR42FX2002; Westinghouse WR55UT4019; Westinghouse WR65UT4019; Westinghouse WR58UX4019; Westinghouse WR75UX4200; onn. 32" Class HD (720P) Roku Smart LED TV (100012589); onn. 65" Class 4K (2160p) UHD LED Roku Smart TV HDR (100012587); onn. 43" Class 4K UHD LED Roku Smart TV HDR (100012584); onn. 70 Class 4K UHD (2160P) LED Roku Smart TV HDR (100012588); onn. 50" Class 4K (2160P) Roku Smart LED TV (100012585); onn. 24" Class 720P HD LED Roku Smart TV (100012590); onn. 55 Class 4K UHD (2160P) LED Roku Smart TV HDR (100012586); onn.

50" Class 4K UHD HDR10 Roku Smart LED TV (100005396); onn. 50" Class 4K UHD HDR10 Roku Smart LED TV (100007147); onn. 50" Class 4K(2160P) UHD HDR10 Roku Smart LED TV (100005843); onn. 40" Class FHD (1080P) Roku Smart LED TV; onn. 60" Class 4K UHD HDR Roku Smart LED TV (100024699); onn. 50" Class 4K UHD LED Roku Smart TV 100021258; onn. 58" Class 4K Ultra HD (2160P) HDR10 Roku Smart LED TV; and InFocus IN45FA40PR televisions (hereinafter, collectively, "**Roku TV Products**").

58. Roku has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Roku TV Products.

59. Roku's customers have directly infringed and continue to directly infringe the Patents-in-Suit by making, using, selling, offering for sale, and/or importing the Roku TV Products using the Roku TV OS. In addition, customers who purchase the Roku TV Products have directly infringed and continue to directly infringe the Patents-in-Suit by using the Roku TV Products. Through its product manuals and/or sales and marketing activities, Roku solicits, instructs, encourages, and aids and abets its customers to purchase and use the Roku TV Products in an infringing way.

60. Roku has knowledge of the Patents-in-Suit at least as of service of this lawsuit.

61. Roku's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

62. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Roku's specific intent and/or willful blindness with respect to infringement.

63. Flexiworld has been and continues to be damaged as a result of Roku's infringing conduct. Roku is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Roku's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. Roku markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Roku Devices, Roku TV Products, and Roku streaming services. Accordingly, Flexiworld is entitled to collect damages from Roku for convoyed sales of certain non-patented items.

65. Roku failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Roku Devices and/or the Roku TV Products.

66. Attached hereto are **Exhibits 7-12**, and incorporated herein by reference, are representative claim charts detailing how the exemplar Roku Devices, Roku TV Products, and/or Roku streaming services have, and continue to, infringe one or more claims of the Patents-in-Suit.

67. For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '811 PATENT

68. Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

69. Roku has and continues to directly infringe one or more claims of the '811 Patent, including, for example, claim 9, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku TV Products.

70. An exemplary claim chart demonstrating Roku's infringement of the '811 Patent, as well as Roku's customers' infringement of the '811 patent, which is induced by Roku, is attached as **Exhibit 7** and incorporated herein by reference.

71. Additionally, Roku is indirectly infringing the '811 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku TV Products, by inducing customers to purchase the Roku TV Products, and/or by instructing customers how to use the Roku TV Products in a way that directly infringes at least claim 9 of the '811 Patent.

72. Roku has had actual knowledge of the '811 Patent since at least receipt of service of this Complaint.

73. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 9 of the '811 Patent. For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '811 Patent via at least their use of the Roku TV Products. *See, e.g.,* https://www.roku.com/products/roku-tv; https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 7** and materials cited therein.

74. As a result of Roku's infringement of the '811 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT II – INFRINGEMENT OF THE '259 PATENT

75. Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

76. Roku has and continues to directly infringe one or more claims of the '259 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Devices and/or the Roku TV Products.

77. An exemplary claim chart demonstrating Roku's infringement of the '259 Patent, as well as Roku's customers' infringement of the '259 patent, which is induced by Roku, is attached as **Exhibit 8** and incorporated herein by reference.

78. Additionally, Roku is indirectly infringing the '259 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku TV Products, by inducing customers to purchase the Roku TV Products, and/or by instructing customers how to use the Roku Devices and/or the Roku TV Products in a way that directly infringes at least claim 1 of the '259 Patent.

79. Roku has had actual knowledge of the '259 Patent since at least receipt of service of this Complaint.

80. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 1 of the '259 Patent. For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '259 Patent via at least their

use of the Roku Devices and/or Roku TV Products.  *See, e.g.*,

https://www.roku.com/products/players; https://www.roku.com/how-it-works;

https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv;

https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378;

https://support.roku.com/category/115001360548; *see also* **Exhibit 8** and materials cited therein.

81. As a result of Roku's infringement of the '259 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '233 PATENT

82. Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

83. Roku has and continues to directly infringe one or more claims of the '233 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by performing, engaging in, and otherwise offerings its Roku streaming services.

84. On information and belief, to the extent one or more claimed method steps are performed by a third-party other than Roku, said step is performed pursuant to a contractual obligation and/or pursuant to Roku's direction and/or control.

85. An exemplary claim chart demonstrating Roku's infringement of the '233 Patent, as well as the infringement of other streaming content providers, which is induced by Roku, is attached as **Exhibit 9** and incorporated herein by reference.

86. Additionally, Roku is indirectly infringing the '233 Patent in violation of 35 U.S.C. § 271(b) at least by inducing other streaming service content providers such as Netflix, Hulu, etc., to practice the method claimed by at least claim 1 of the '233 patent.

87. Roku has had actual knowledge of the '233 Patent since at least receipt of service of this Complaint.

88. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 1 of the '233 Patent. For example, Roku, via the content offered through its Roku Devices and Roku TV Products, induces other streaming service content providers, such as Netflix, Hulu, etc., to practice the method claimed by at least claim 1 of the '233 patent. *See, e.g.*, https://www.roku.com/products/players; https://www.roku.com/how-it-works; https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv; https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 9** and materials cited therein.

89. As a result of Roku's infringement of the '233 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF THE '073 PATENT

90. Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

91. Roku has and continues to directly infringe one or more claims of the '073 Patent, including, for example, claim 8, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Devices and/or the Roku TV Products.

92. An exemplary claim chart demonstrating Roku's infringement of the '073 Patent, as well as Roku's customers' infringement of the '073 Patent, which is induced by Roku, is attached as **Exhibit 10** and incorporated herein by reference.

93. Additionally, Roku is indirectly infringing the '073 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku TV Products, by inducing customers to purchase the Roku TV Products, and/or by instructing customers how to use the Roku Devices and/or the Roku TV Products in a way that directly infringes at least claim 8 of the '073 Patent.

94. Roku has had actual knowledge of the '073 Patent since at least receipt of service of this Complaint.

95. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 8 of the '073 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '073 Patent via at least their use of the Roku Devices and/or Roku TV Products.  *See, e.g.*, https://www.roku.com/products/players; https://www.roku.com/how-it-works; https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv; https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 10** and materials cited therein.

96. As a result of Roku's infringement of the '073 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT V – INFRINGEMENT OF THE '871 PATENT

97. Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

98. Roku has and continues to directly infringe one or more claims of the '871 Patent, including, for example, claim 15, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Devices and/or the Roku TV Products.

99. An exemplary claim chart demonstrating Roku's infringement of the '871 Patent, as well as Roku's customers' infringement of the '871 Patent, which is induced by Roku, is attached as **Exhibit 11** and incorporated herein by reference.

100. Additionally, Roku is indirectly infringing the '871 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku TV Products, by inducing customers to purchase the Roku TV Products, and/or by instructing customers how to use the Roku Devices and/or the Roku TV Products in a way that directly infringes at least claim 15 of the '871 Patent.

101. Roku has had actual knowledge of the '871 Patent since at least receipt of service of this Complaint.

102. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 15 of the '871 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '871 Patent via at least their use of the Roku Devices and/or Roku TV Products.  *See, e.g.*, https://www.roku.com/products/players; https://www.roku.com/how-it-works; https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv;

https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 11** and materials cited therein.

103.  As a result of Roku's infringement of the '871 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT VI – INFRINGEMENT OF THE '903 PATENT

104.  Flexiworld incorporates herein the allegations made in paragraphs 1 through 67.

105.  Roku has and continues to directly infringe one or more claims of the '903 Patent, including, for example, claim 8 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Devices and/or the Roku TV Products.

106.  An exemplary claim chart demonstrating Roku's infringement of the '903 Patent, as well as Roku's customers' infringement of the '903 Patent, which is induced by Roku, is attached as **Exhibit 12** and incorporated herein by reference.

107.  Additionally, Roku is indirectly infringing the '903 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku TV Products, by inducing customers to purchase the Roku TV Products, and/or by instructing customers how to use the Roku Devices and/or the Roku TV Products in a way that directly infringes at least claim 8 of the '903 Patent.

108.  Roku has had actual knowledge of the '903 Patent since at least receipt of service of this Complaint.

109. On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 8 of the '903 Patent. For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '903 Patent via at least their use of the Roku Devices and/or Roku TV Products. *See, e.g.*, https://www.roku.com/products/players; https://www.roku.com/how-it-works; https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv; https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 12** and materials cited therein.

110. As a result of Roku's infringement of the '903 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a. A judgment that Roku has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

   b. A judgment and order requiring Roku to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any

  continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order requiring Roku to pay Flexiworld reasonable ongoing royalties on a going-forward basis after final judgment;

d. A judgment and order requiring Roku to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Roku to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated: June 28, 2021

Respectfully submitted,

*/s/ Timothy E. Grochocinski*
**TIMOTHY E. GROCHOCINSKI**
ILLINOIS BAR NO. 6295055
**CHARLES AUSTIN GINNINGS**
NEW YORK BAR NO. 4986691
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com
austin@nbafirm.com

**EDWARD R. NELSON III**
STATE BAR NO. 00797142
**RYAN P. GRIFFIN**
STATE BAR NO. 24053687
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
ed@nbafirm.com
ryan@nbafirm.com

COUNSEL FOR PLAINTIFF
FLEXIWORLD TECHNOLOGIES, INC.